UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION



FILED
SEP 2 6 2007
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 07-30019 |
| Plaintiff, | **SUPERSEDING INDICTMENT** |
| vs. | Conspiracy; Peonage; Forced Labor; False Statements; Visa Fraud; Harboring and Bringing in Aliens; Trafficking into Servitude; Document Servitude |
| ROBERT JOHN FARRELL and ANGELITA MAGAT FARRELL, | |
| Defendants. | 18 U.S.C. § 371 |
| | 18 U.S.C. § 1581 |
| | 18 U.S.C. §§ 1589(2) and (3) |
| | 18 U.S.C. § 1001 |
| | 18 U.S.C. § 1546(a) |
| | 8 U.S.C. §§ 1324(a)(1)(A)(iv) and (a)(1)(B)(i) |
| | 18 U.S.C. § 1590 |
| | 18 U.S.C. §§ 1592(a)(1) and (2) |

The Grand Jury charges:

## INTRODUCTION

At all times relevant herein:

1.      The defendants recruited and transported Philippine women and men to hold them in a condition of compelled service at establishments in the Oacoma, South Dakota area.

2.      Defendant ROBERT JOHN FARRELL a/k/a "Big Boss Bob," "BBB," "Sir Bob," and "Boss Man," was the president, secretary, and a principal shareholder of AFO of Oacoma, Inc., a corporation that owns and operates a Comfort Inn & Suites hotel located at 203 East Highway 16, in Oacoma, South Dakota and a hunting lodge/ranch known as "Farrell Ranch," located at 40590 254th Street in Mitchell, South Dakota. ROBERT JOHN FARRELL did participate in the

management of personnel and financial matters related to the operation of the Comfort Inn & Suites hotel.

3.     Defendant ANGELITA MAGAT FARRELL, a/k/a "Lady Boss," and "LB," is the wife of ROBERT JOHN FARRELL and is vice-president, treasurer, and a principal shareholder of AFO of Oacoma, Inc.  ANGELITA MAGAT FARRELL also did participate in the management of personnel, purchasing, and financial matters related to the operation of the Comfort Inn & Suites hotel.

4.     GAA is a Philippine woman, born in April 1973, whom the defendants employed at their hotel in 2005 and 2006.

5.     MAA is a Philippine woman, born in August 1981, whom the defendants employed at their hotel in 2005 and 2006.  She is the sister-in-law of MFLA.

6.     MFLA is a Philippine woman, born in December 1982, whom the defendants employed at their hotel in 2005 and 2006.  She is the sister-in-law of MAA.

7.     PLJ is a Philippine woman, born in March 1980,  whom the defendants employed at their hotel in 2005 and 2006.  She is the niece of co-defendant ANGELITA MAGAT FARRELL.

8.     MCM is a Philippine woman, born in June 1974, whom the defendants employed at their hotel in 2005 and 2006.

9.     RDP is a Philippine man, born in February 1965, whom the defendants employed at their hotel in 2005 and 2006.  He is also the husband of RSP.

10.     RSP is a Philippine woman, born in January 1965, whom the defendants employed at their hotel in 2005 and 2006. She is also co-defendant ANGELITA MAGAT FARRELL's cousin, and is the wife of RDP.

11.    GCP is a Philippine woman, born in January 1980, whom the defendants employed at their hotel in 2005 and 2006.

12.    LVP is a Philippine man, born in March 1981, whom the defendants employed at their hotel in 2005 and 2006.

13.    YPS is a Philippine woman, born in September 1978, whom the defendants employed at their hotel in 2005 and 2006.

14.    NLJ and is a Philippine woman, born in May 1957, whom the defendants employed at their hotel in 2005 and 2006.  She is also the sister of co-defendant ANGELITA MAGAT FARRELL and the sister-in-law of co-defendant ROBERT JOHN FARRELL.

## COUNT 1.
### (Conspiracy re:  Peonage)

## INTRODUCTION

15.    The introductory allegations set forth in paragraphs 1 through 14 are realleged and incorporated as if fully set forth herein.

## THE CONSPIRACY

16.    From on or about October 1, 2005, to the present, in the District of South Dakota and elsewhere, defendants, ROBERT JOHN FARRELL and ANGELITA MAGAT FARRELL, knowingly and willfully conspired and agreed together with each other and other persons known and unknown to the grand jury, to commit offenses against the United States of America as follows:  to hold and return persons intending to place them in a condition of peonage, in violation of 18 U.S.C. § 1581.

## THE OBJECT

17.     It was the object of the conspiracy to obtain and maintain the forced labor and services of some of the Philippine men and women identified above, (hereinafter "the workers") by maintaining them in a condition of peonage in and around Oacoma, South Dakota.

## MANNER AND MEANS

18.     It was part of the plan and purpose of the conspiracy that the defendants would recruit women and men from the Phillippines to travel to the United States by creating the expectation of obtaining full-time employment at the Comfort Inn in Oacoma, South Dakota.

19.     It was further part of the conspiracy that the defendants would petition the United States government, and obtain from the United States government, H2B visas for the workers, by utilizing misstatements and material omissions.

20.     It was further part of the conspiracy that the defendants would have the workers sign contracts that purported to promise the workers: (1) a pay rate of $6.05 per hour; (2) 150% of the regular rate for overtime; and (3) 200% of the regular rate for work on designated rest days and holidays. The workers were told by the defendants, however, that such contracts were merely a "formality" and that the defendants did not intend to be bound by all of the terms of the contract.

21.     It was further part of the conspiracy that the defendants would submit these written contracts to the United States Department of State in order to obtain H2B visas issued by the United States Department of State.

22.     It became part of the conspiracy that the defendants would draw checks purporting to be paychecks for the workers and would submit or order the workers to submit the checks to officials of the United States Department of State, in support of their applications for H2B visas.

-4-

23.     It was further part of the conspiracy that the defendants would indebt the workers by assessing processing fees of approximately $1,200 for each worker, for each trip the respective workers made to the United States.

24.     It was further part of the conspiracy that the defendants would increase this debt by extending credit to the workers for transportation, food, and by requiring the workers to reside at apartments located in Oacoma, for which the defendants would charge each worker around $150 per month.

25.     It was further part of the conspiracy that the defendants would require the workers to sign debt contracts in which they promised to pay the defendants the debts the defendants assessed to each worker.

26.     It became part of the conspiracy that the defendants would cultivate and maintain a small network of other employers who would also employ the workers, and the defendants would receive a substantial portion of the wages for such other employment.

27.     It was further part of the conspiracy that the conspirators would require the workers to use their wages from working at the Comfort Inn & Suites hotel and other employers to pay their purported debts to the defendants.

28.     It was further part of the conspiracy that the defendants would coerce the workers, by threats of legal sanctions and physical harm, to work off the debts owed to the defendants.

29.     It became part of the conspiracy that the defendants would require the workers to endorse some of the paychecks they received from the defendants for work at the Comfort Inn & Suites and (a) return the endorsed check and the proceeds of the checks to the defendants and (b)

deposit the endorsed check into a checking account on which account the workers had previously issued a series of post-dated checks to the defendants.

30.     It was further part of the conspiracy that the defendants would take and hold the workers' passports and the contents of the passports, including the visas issued by the United States Department of State, to ensure that the workers did not escape from the defendants.

31.     It was further part of the conspiracy that the defendants and their agent would use surveillance, intimidation, angry outbursts, ostracism, threats of arrest, and threats of physical harm to compel and maintain the service of the workers.

32.     It was further part of the conspiracy that the defendants would exercise control over and isolate the workers by requiring the workers to live in an apartment near their hotel which was selected, monitored, and controlled by the defendants, and by imposing arbitrary charges to prolong the workers' period of indebtedness.

## OVERT ACTS

33.     In furtherance of the conspiracy, and to achieve the objects thereof, defendants and their co-conspirators, known and unknown, committed and caused to be committed the following overt acts, among others, in the District of South Dakota and elsewhere:

a.      In or around July 2005, the defendants submitted an application for H2B visas, to the United States Department of State;

b.      In or around November 2005, the defendants told some of the workers that they would be paid a wage of $6.05 per hour of work at the Comfort Inn & Suites hotel in Oacoma, South Dakota;

c.     In or around November 2005, the defendants told some of the workers that they would be charged a pro rata share of the $1,200 processing fee that the defendants incurred to obtain the H2B visas for the workers, such pro rata share amounting to about $120 per worker;

d.     In November 2005 and other times, the defendants told the workers that they would be employed as housekeepers for reasonable wages at defendants' Comfort Inn & Suites hotel;

e.     In or around November 2005 and March 2006, the defendants instructed the workers to sign pre-printed employment contracts, the terms of which entailed pay of $6.05 per hour of work plus 150% of the hourly wage for overtime work and 200% of the hourly wage for work on designated rest days and holidays;

f.     In November 2005 and April 2006, the defendants brought workers from the Philippines to the District of South Dakota under the color of H2B visas;

g.     In November 2005, January 2006, and March 2006 the defendants required some of the workers listed above to sign debt contracts agreeing to pay the defendants for purported debts that the workers had incurred to the defendants; and

h.     From on or about November 16, 2005 to on or about February 8, 2006 and from on or about March 20, 2006 to on or about July 5, 2006, the defendants forced the workers to labor under inflated debt contracts, paid them less than what had been promised, and encouraged or required them to obtain other employment to satisfy their alleged debts to the defendants;

all in violation of 18 U.S.C. § 371.

## COUNTS 2 THROUGH 5.
### (Peonage)

34.     The allegations set forth in paragraphs 1 through 33 are realleged and incorporated as if fully set out herein.

35.     On or about the dates set forth below as to each Count, all dates being approximate and inclusive, in the District of South Dakota and elsewhere, defendants, ROBERT JOHN FARRELL and ANGELITA MAGAT FARRELL, aiding and abetting one another, held and returned the persons identified below as to each count in a condition of peonage by using threats of physical harm, threats of legal coercion, and other coercive means to compel their continued labor and serve to discharge a debt, each person set forth below constituting a separate count of this indictment,

| COUNT | Victim | Dates (In/About) |
|-------|--------|------------------|
| 2 | GAA | 11/15/2005 to 2/5/2006 and 4/27/2006 to 5/24/2006 |
| 3 | RDP | 11/15/2005 to 2/5/2006 and 4/27/2006 to 6/27/2006 |
| 4 | RSP | 11/15/2005 to 2/5/2006 and 4/27/2006 to 6/27/2006 |
| 5 | GCP | 11/15/2005 to 2/5/2006 and 4/27/2006 to 7/1/2006 |

all in violation of 18 U.S.C. §§ 1581 and 2.

## COUNT 6.
### (Conspiracy re:  Forced Labor)

36.     The allegations set forth in paragraphs 1 through 33 are realleged and incorporated as if fully set out herein.

37.     From on or about November 1, 2005, to the present, in the District of South Dakota and elsewhere, defendants, ROBERT JOHN FARRELL and ANGELITA MAGAT FARRELL, knowingly and willfully conspired and agreed together with each other and other persons known and

unknown to the grand jury, to commit offenses against the United States of America as follows: To knowingly provide and obtain the labor and services of persons by means of a scheme, plan, and pattern intended to cause the persons to believe that if they did not perform such labor and services, that those persons and others would suffer serious harm and physical restraint, and by means of the abuse and threatened abuse of law and the legal process, all in violation of 18 U.S.C. §§ 1589(2) and (3), all in violation of 18 U.S.C. § 371.

## COUNTS 7 THROUGH 10.
### (Forced Labor)

38.     The allegations set forth in paragraphs 1 through 33 are realleged and incorporated as if fully set out herein.

39.     On and about to and from the dates set forth below, in the District of South Dakota and elsewhere, defendants ROBERT JOHN FARRELL and ANGELITA MAGAT FARRELL, aiding and abetting one another, knowingly provided and obtained the labor and services of the persons listed below, each person set forth below constituting a separate count of this indictment:

| COUNT | Victim | Dates (In/About) |
|-------|--------|------------------|
| 7 | GAA | 11/15/2005 to 2/5/2006 and 4/27/2006 to 5/24/2006 |
| 8 | RDP | 11/15/2005 to 2/5/2006 and 4/27/2006 to 6/27/2006 |
| 9 | RSP | 11/15/2005 to 2/5/2006 and 4/27/2006 to 6/27/2006 |
| 10 | GCP | 11/15/2005 to 2/5/2006 and 4/27/2006 to 7/1/2006 |

by means of a scheme, plan, and pattern intended to cause the persons to believe that if they did not perform such labor and services, that those persons and others would suffer serious harm and physical restraint, and by means of the abuse and threatened abuse of law and the legal process, all in violation of 18 U.S.C. §§ 1589(2) and (3) and 2.

-9-

## COUNT 11.
## (False Statements)

40.     Between on or about September 1, 2005, and July 5, 2006, in the District of South Dakota and elsewhere, in a matter within the jurisdiction of the United States Department of State, a department of the United States, defendants, ROBERT JOHN FARRELL and ANGELITA MAGAT FARRELL, aiding and abetting one another, made and used false writings and documents, to-wit: defendants presented H2B visa applications and attachments thereto, knowing the same to contain materially false, fictitious, and fraudulent statements and entries regarding who would employ the employees, that the employees would be filling housekeeping positions only, that the employees would receive a certain hourly wage, that the employees would receive overtime and holiday pay, and that the employees would not be held responsible for their transportation expenses, all in violation of 18 U.S.C. §§ 1001 and 2.

## COUNT 12.
## (False Statements)

41.     On or about March 10, 2006, in the District of South Dakota, the United States Embassy in Manila, The Philippines, and elsewhere, in a matter within the jurisdiction of the United States Department of State, a department of the United States, defendants, ROBERT JOHN FARRELL and ANGELITA MAGAT FARRELL, aiding and abetting one another, made and used false writings and documents, to-wit: defendants presented phony paychecks and payroll records and represented that those documents contained correct information regarding wages for foreign workers as part of the H2B visa application process, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, all in violation of 18 U.S.C. § 1001 and § 2.

## COUNT 13.
## (Visa Fraud)

42.     The allegations set forth in paragraphs 1 through 33 are realleged and incorporated as if fully set out herein.

43.     During about January, 2006, in the District of South Dakota and elsewhere, defendants, ROBERT JOHN FARRELL and ANGELITA MAGAT FARRELL, aiding and abetting one another, knowingly made false statements with respect to a material fact in DHS Forms I-129 Petition for Nonimmigrant Worker, documents required by the immigration laws, in that they falsely indicated that the employees listed on the Forms I-129 would be employed solely as housekeepers with AFO of Oacoma, Inc., d.b.a. Comfort Inn and Suite, when in fact defendants knew those statements to be false, all in violation of 18 U.S.C. § 1546(a) and § 2.

## COUNT 14.
## (Immigration Conspiracy)

44.     The allegations set forth in paragraphs 1 through 33 are realleged and incorporated as if fully set out herein.

45.     From on or about November 1, 2005, to the present, in the District of South Dakota and elsewhere, defendants, ROBERT JOHN FARRELL and ANGELITA MAGAT FARRELL, did knowingly and intentionally conspire to encourage and recruit aliens to enter the United States in violation of law, to bring known aliens into the United States in violation of law and to harbor and transport such illegal aliens, knowing and in reckless disregard of the fact that such aliens had entered and remained in the United States in violation of law, all for the purpose of commercial advantage and private financial gain, all in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(B)(i), and 18 U.S.C. § 3531 et seq.

## COUNTS 15 THROUGH 25.
### (Harboring and Bringing in Aliens)

46.    Between on or about September 16, 2005 to on or about August 1, 2006, in the

District of South Dakota and elsewhere, defendants, ROBERT JOHN FARRELL and ANGELITA

MAGAT FARRELL, aiding and abetting one another, knowingly encouraged and induced Philippine

aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact

that such coming to, entry, and residence was and would be in violation of law, and they did so for

the purpose of commercial advantage and private financial gain. Specifically, defendants encouraged

and induced the following alien workers, each worker set forth below constituting a separate count

of this indictment:

| COUNT | Workers |
|-------|---------|
| 15 | GAA |
| 16 | MCM |
| 17 | RDP |
| 18 | RSP |
| 19 | GCP |
| 20 | MAA |
| 21 | MFLA |
| 22 | PLJ |
| 23 | NLJ |
| 24 | LVP |
| 25 | YPS |

to come to, enter, and reside in the District of South Dakota under the color of H2B visas knowing

and recklessly disregarding that those aliens would be employed in positions for which they were

not approved under the H2B visa program, all in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iv), (a)(1)(A)(v)(II), (a)(1)(B)(i), and 18 U.S.C. § 2.

## COUNT 26.
### (Trafficking into Servitude)

47.     The allegations set forth in paragraphs 1 through 33 are realleged and incorporated as if fully set out herein.

48.     Between on or about November 1, 2005, to the present, in the District of South Dakota and elsewhere, defendants, ROBERT JOHN FARRELL and ANGELITA MAGAT FARRELL, aiding and abetting one another, knowingly recruited, harbored, transported, provided, and obtained the following persons for peonage in violation of 18 U.S.C. § 1581 and forced labor in violation of 18 U.S.C. § 1589: GAA, RDP, RSP, and GCP, all in violation of 18 U.S.C. § 1590 and § 2.

## COUNT 27.
### (Document Servitude)

49.     The allegations set forth in paragraphs 1 through 33 are realleged and incorporated as if fully set out herein.

50.     Between on or about October 1, 2005, and July 2006, in the District of South Dakota and elsewhere, defendants, ROBERT JOHN FARRELL and ANGELITA MAGAT FARRELL, aiding and abetting one another, knowingly concealed, removed, confiscated, and possessed actual and purported passports of other persons, to-wit: the Philippine passports of GAA, RDP, RSP, and GCP, in the course of violating and intending to violate 18 U.S.C. §§ 1581, 1589 and 1590, all in violation of 18 U.S.C. § 1592(a)(1) and (2) and § 2.

A TRUE BILL:

_____
Foreperson

MARTY J. JACKLEY
United States Attorney

By: _____